UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ADRIAN BUSH,

       Plaintiff,

v.                                                                                          Case No. 2:14-CV-43

NORTHERN MICHIGAN UNIVERSITY,                       HON. GORDON J. QUIST

       Defendant.
_____/

**OPINION**

      Plaintiff, proceeding pro se, filed his complaint in this case on or about January 21, 2014 in the 96th District Court for the State of Michigan in Marquette, Michigan. In his complaint, Plaintiff essentially sought a declaration that a student loan he obtained while enrolled as a student at Defendant Northern Michigan University is voidable at his election because Plaintiff had not reached the age of majority at the time he signed the note (Note) evidencing the student loan. Defendant removed the case to this Court on February 14, 2014, alleging federal question jurisdiction based on Plaintiff's request for damages pursuant to 15 U.S.C. § 1640 (the Truth in Lending Act or "TILA").

      On March 11, 2014, the Court entered an Order to Show Cause, directing Defendant to show cause within fourteen days why the Court should not remand the case to state court for lack of subject matter jurisdiction. In particular, the Court was concerned that Plaintiff had not intended to allege a federal claim simply by requesting damages under 15 U.S.C. § 1640 in his prayer for relief. The Court allowed Plaintiff the opportunity to reply to Defendant's response. Defendant

filed its response on March 25, 2014, arguing that because Plaintiff is pro se, his pleading should be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and, therefore, the Court should construe Plaintiff's complaint as alleging a TILA claim. Plaintiff did not file a reply. In light of Defendant's response and Plaintiff's lack of a reply—indicating Plaintiff's intent to allege a TILA claim—the Court concludes that Plaintiff intended to plead a federal claim, giving the Court subject matter jurisdiction over the complaint.

Defendant has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to state a claim for several reasons. Defendant contends that Plaintiff's infancy or lack of capacity defense to enforcement of the Note fails because the Higher Education Act (HEA) specifically preempts Plaintiff's state law infancy defense, a Michigan statute bars the defense in actions to enforce educational loans, and Michigan law considers education one of the "necessaries" for which a minor might contractually bind himself. Plaintiff has filed a response, in which he raises a number of new issues not set forth in his original complaint, including that his defense to enforcement of the student loan is not infancy, but "lack of bureaucratic capacity"; that Defendant violated the Due Process Clause of the Fifth Amendment by "failing to legitimize the loan in a court of law"; that the HEA's preemption of the state law infancy defense violates the Tenth Amendment and constitutes involuntary servitude in violation of the Thirteenth Amendment; and that enforcement of the student loan violates Plaintiff's "right to childhood." In addition, Plaintiff alleges that he was not eligible for a student loan because Defendant failed to administer a required test to determine Plaintiff's competence to obtain a student loan.

For the reasons set forth below, the Court will grant Defendant's motion and dismiss Plaintiff's complaint with prejudice.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Initially, the Court addresses Plaintiff's federal-law claim under the TILA. In his complaint, Plaintiff requests costs in accordance with 15 U.S.C. § 1640. (Dkt. # 1-1 at Page ID 9.) Apart from Plaintiff's failure to allege a violation of the TILA, Plaintiff fails to state a claim because student loans made under Title IV of the HEA are exempt from the TILA's protections. 15 U.S.C. 1603(7) (exempting from the TILA "[l]oans made, insured, or guaranteed pursuant to a program authorized

by title IV of the Higher Education Act of 1965"); *see also United States v. Forrest*, No. 11-14461, 2012 WL 3237192, at * 3 (E.D. Mich. July 12, 2012) (noting that "Congress has expressly exempted student loans from the purview of the Truth in Lending Act"), *Report and Recommendation adopted*, 2012 WL 3235046 (Aug. 7, 2012). Because Plaintiff's Federal Perkins Loan arises under Title IV of the Higher Education Act, *see* 20 U.S.C. § 1087aa (a), Plaintiff's TILA claim fails as a matter of law.

Having disposed of Plaintiff's sole federal claim, the Court must decide whether to exercise its discretion to dismiss or address Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3). This decision requires a balancing of interests. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004). "A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* (internal quotation marks omitted). Considering the pertinent interests in this case, the Court concludes that the balance of factors weighs in favor of the Court deciding Plaintiff's state law claim, particularly because a federal statute controls Plaintiff's claim. In addition, judicial economy favors a prompt resolution of Plaintiff's claim.

As noted above, Plaintiff contends that Defendant may not enforce the Note because Plaintiff was a minor at the time he signed the Note and therefore lacked the capacity to contract. *See Woodman ex rel. Woodman v. Kera LLC*, 486 Mich. 228, 236–37, 785 N.W.2d 1, 5 (2010). The HEA provides, however, that "[n]otwithstanding any provision of State law to the contrary . . . in collecting any obligation arising from a loan made under part D of this subchapter, an institution of higher education that has an agreement with the Secretary pursuant to section 1087cc(a) of this title shall not be subject to a defense raised by any borrower based on a claim of infancy." 20 U.S.C. § 1091a(b)(3). Numerous courts have concluded that this provision expressly preempts state infancy

4

defenses. *See Chae v. SLM Corp.*, 593 F.3d 936, 942 (9th Cir. 2010) (noting that § 1091a(b)(3) is one of several express preemption provisions); *Coll. Loan Corp. v. SLM Corp.*, 396 F.3d 588, 596 n.5 (4th Cir. 2005) (§ 1091a(b) is one of several sections of the HEA that expressly preempts certain state law claims and defenses); *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1124–25 (11th Cir. 2004) (stating that the HEA is "riddled with isolated preemptive provisions," one of which preempts state-law infancy defenses).

Plaintiff offers no authority to the contrary, and the Court finds no reason to disagree with these cases that the HEA preempts state-law infancy defenses to enforcement of federal student loans. Plaintiff argues, however, that preemption of such defenses is contrary to the Tenth Amendment, which states: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people." U.S. Const. amend. X. Plaintiff fails to cite any authority supporting such argument, nor is the Court aware of any case supporting Plaintiff's argument. Similarly, Plaintiff fails to cite any authority supporting his argument that preemption of state-law infancy defenses "violates the plaintiff's 13th Amendment right to freedom from involuntary servitude." (Dkt. # 7 at Page ID 34.) In contrast courts have rejected similar arguments out of hand. *See Craig v. Educ. Credit Mgmt. Corp.* (*In re Craig*), 579 F.3d 1040, 1047 (9th Cir. 2009) (describing the debtor's Thirteenth Amendment argument based on the purported impossibility that she would ever pay off her student loan as "patently specious"); *Sibley v. U.S. Dep't of Educ.*, No. 96-1392, 1997 WL 159204, at *3 (7th Cir. Apr. 1, 1997) (stating that the plaintiff's argument that the HEA's removal of the statute of limitations for initiating a wage offset subjected him to involuntary servitude "requires no discussion other than an observation that it is without merit"); *Sibley v. U.S. Dep't of Educ.*, 913 F. Supp. 1181, 1189 n. 8 (N.D. Ill. 1995) (observing that the HEA's salary offset in no way compelled the plaintiff to work for the

government in violation of the Thirteenth Amendment). Likewise, this Court finds Plaintiff's argument without merit. Therefore, Plaintiff's claim that he lacked capacity to enter into the Note fails as a matter of law.[1]

Plaintiff also raises several other arguments based on claims or theories not pled in his complaint. Plaintiff has not formally moved to amend his complaint to add these claims, but even if Plaintiff had done so, the Court would deny the motion. A court may deny leave to amend on a number of grounds, including when the amendment would be futile. *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 569 (6th Cir. 2010). An amendment is futile if it could not withstand a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Plaintiff's newly-raised claims would not withstand a motion to dismiss.

First, Plaintiff argues that Defendant violated Plaintiff's due process rights by "failing to legitimize the loan in a court of law." Plaintiff fails to cite any law permitting enforcement of student loans only through court proceedings. In addition, Plaintiff cites no authority for his proffered claim that Defendant violated his due process rights by enforcing the Note.

Second, Plaintiff contends that the crux of his claim is not that he lacked the capacity to contract because he was a minor, but because he lacked "bureaucratic capacity." Although Plaintiff has attempted to explain what he means by "bureaucratic capacity," the Court is unaware of any such concept under federal or state law that constitutes a defense to enforcement of a debt obligation.

---

[1] Given that the Court has concluded that the HEA preempts Plaintiff's claim that he lacked the capacity to contract, the Court need not spend significant time on Defendant's other arguments. However, the Court notes that Michigan law also renders an infancy defense inapplicable to educational loans. M.C.L.A. § 600.1404(2)

Third, Plaintiff refers to "[t]he right of childhood," which he defines as "the right to make every mistake once, understand the consequence of majority, experience lesser consequence, and thus develop without undo [sic] consequence." (Dkt. # 7 at Page ID 34.) As with his other claims, Plaintiff cites no authority supporting a "right of childhood," and to this Court's knowledge no court has ever recognized such a right under federal law.

Plaintiff's final argument is not clear, but he appears to claim that he was not eligible for a student loan in the first instance, and therefore Defendant may not rely on the HEA to preempt Plaintiff's state-law infancy defense. In particular, Plaintiff alleges that he lacks a high school diploma or the equivalent and, therefore, Defendant was required to administer a competency test to ensure that Plaintiff could benefit from the education he was offered. Plaintiff relies on Section 484(d) of the HEA, 20 U.S.C. § 1091(d), which provides that in the case of a student who lacks a high school certificate of graduation or the recognized equivalent of such, the student must demonstrate an ability to benefit from the education or training being offered by meeting one of four standards, one of which is an acceptable score on an "independently administered examination." 20 U.S.C. § 1091(d)(1). As Defendant notes, however, a student may also demonstrate eligibility by showing that he "has completed a secondary school education in a home setting that is treated as a home school or private school under State law." 20 U.S.C. § 1091(d)(3).[2] To demonstrate compliance with this section, Defendant has submitted a copy of Plaintiff's Home School Certificate, showing a Home School graduation date of August 15, 2003—one month before

---

[2] The Court notes that this provision was in effect in 2003, when Plaintiff graduated from a home school program and signed the Note.

7

Plaintiff signed the Note.[3] Thus, any claim by Plaintiff that he was ineligible for the loan in the first instance would be futile.

Having concluded that it has subject matter jurisdiction over this matter, the Court will grant Defendant's Motion to Dismiss for the reasons set forth above.

An appropriate order will enter.


Dated: May 15, 2014                            /s/ Gordon J. Quist
                                                                           GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE

---

[3] Defendant states that it offers the Home School Certificate only as a means to show futility rather than as part of its Motion to Dismiss.